UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> CHARLES LESTER VANNESS ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. 94-CR-432-1 (RCL) |

# MEMORANDUM & ORDER

## I. INTRODUCTION

Defendant Charles Vanness' motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion and the entire record herein, the motion will be DENIED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 1995, Vanness was found guilty following a jury trial of the unlawful possession with intent to distribute 50 grams or more of cocaine base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and the unlawful possession with intent to distribute cocaine base within 1000 feet of a school, in violation of 21 U.S.C. 860(a). At sentencing, in accordance with the United States Sentencing Guidelines ("the Guidelines"), the Court found a total offense level of 37 and a category VI criminal history. However, defendant's applicable sentencing range was life imprisonment, based on enhanced statutory penalties. Accordingly, the Court sentenced defendant to a statutory mandatory sentence of life incarceration, to be followed by a ten-year term of supervised release.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On May 5, 2008, the defendant filed a Motion for Modification of Term of Imprisonment pursuant to 18 U.S.C. § 3582 and the amendments to the Guidelines. For the reasons that follow, defendant's motion will be denied.

## III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction. However, defendant is unable to avail himself of this section because the district court did not sentence Vanness under the crack cocaine offenses guidelines. Rather, it sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), which mandates a term of life imprisonment for a third conviction for a drug offense. Consequently, Amendment 706, which does not amend the mandatory statutory penalties, has no effect on the ultimate sentencing range imposed on Vanness. *See United States. v. Moore*, 541

F.3d 1323 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 965 (2009) (noting that § 3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range"); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); *United States v. Williams*, 551 F.3d 182, 185-86 (2nd Cir. 2009); *United States v. Sharkley*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Nabried*, 310 Fed. Appx. 529, 532 (3rd Cir. 2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008); *see also United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008) (stating same in dicta).

This position is consistent with U.S.S.G. § 1B.10(a), the applicable Sentencing Commission policy statement, which provides that a court may reduce a defendant's sentence so long as the reduction is consistent with the policy statement. Reducing a defendant's sentence is *not* consistent with the policy statement if none of the amendments listed in § 3582(c)(2) apply to the defendant, or an amendment listed therein "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Martinez*, 572 F. 3d 82, 86 (2nd Cir. 2009) (citing U.S.S.G. § 1B1.10(a)). For the reasons stated in this opinion, the defendant's motion will be denied.

## IV. CONCLUSION AND ORDER

The defendant was sentenced pursuant to a statutory mandatory sentence, rather than under the sentencing guidelines for crack cocaine. Therefore, this Court has no power to modify his sentence under 18 U.S.C. § 3582(c)(2). Accordingly, it is hereby

ORDERED that defendant's motion is denied.

SO ORDERED.

_____      4/20/10
Chief Judge Royce C. Lamberth             Date

3